UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Serena Gateb, | 2:14-cv-00895-JAD-GWF |
| Petitioner | |
| v. | **Order Granting in Part and Denying in Part Motion to Dismiss, Denying Petition with Prejudice, and Issuing a Certificate of Appealability** |
| Jo Gentry, et al., | |
| Respondents | [ECF No. 23] |

Serena Gateb, who is represented by the Federal Public Defender's Office for the District of Nevada, brings this amended § 2254 petition to challenge her Nevada state court conviction and sentence for a handful of drug charges.[1] Respondents move to dismiss Gateb's petition, arguing that it is untimely and that claim one is unexhausted and does not state a federal claim for relief.[2] I grant in part and deny in part respondent's motion and deny Gateb's petition in its entirety as untimely. But because reasonable jurists could find my conclusion that Gateb's petition is untimely to be debatable or wrong, my decision comes with a certificate of appealability.

## Discussion

**A.    Calculating Gateb's limitations period**

Gateb's petition is subject to AEDPA's one-year limitations period, which began to run on the date that Gateb's state-court judgment of conviction became final.[3] A judgment is final at "the conclusion of direct review or the expiration of the time for seeking [that] review."[4] Gateb's

---

[1] ECF No. 17.

[2] ECF No. 23.

[3] 28 U.S.C. § 2244(d)(1)(A).  There are other dates on which the limitations period can begin to run; none of them apply here.

[4] 28 U.S.C. § 2244(d)(1)(A).

judgment of conviction became final on March 6, 2012.[5] Because Gateb's one-year clock began to run on March 6, 2012, it expired on March 6, 2013, unless tolling applies.

The time that a timely filed state habeas petition is pending is excluded from the limitations period.[6] Two hundred eighty days after Gateb's federal clock started to run, on December 11, 2012, she timely filed a habeas petition in the state district court,[7] tolling the federal one-year period under 28 U.S.C. § 2244(d)(2).[8] The state district court denied the petition;[9] Gateb appealed,[10] and the Nevada Supreme Court affirmed.[11] Remittur issued—and tolling under § 2244(d)(2) ended—on January 6, 2014.[12] The federal one-year limitations period thus expired 85 days later on April 1, 2014.

C.   **Federal court filings**

On January 29, 2014, Gateb submitted an application to proceed *in forma pauperis* and a document entitled "notice of appeal" to which she attached the Nevada Supreme Court's December 13, 2013, order affirming the state court's denial of her post-conviction habeas petition and a copy of the judgment and conviction entered against her in state court, "*Gateb I*".[13] On February 25, 2014, the magistrate judge noted that Gateb had not yet filed a complaint, presumed that she was intending

---

[5] The Nevada Supreme Court affirmed Gateb's convictions and remittur issued on January 3, 2012. Gateb's convictions thus became final for § 2244(d)(1)(A) purposes on March 6, 2012, when the deadline to file a petition for certiorari with the United States Supreme Court expired.

[6] 28 U.S.C. § 2244(d)(1)(2).

[7] ECF No. 19-10.

[8] In their calculations, respondents use the date that Gateb mailed her state habeas petition to the state district court: December 4, 2012. *See* ECF No. 19-10 at 68. This is incorrect. A Nevada state post-conviction habeas petition is filed—and tolling under 28 U.S.C. § 2244(d)(2) starts—when the state district court receives the petition, not when a prisoner mails the petition. *Orpiada v. McDaniel*, 750 F.3d 1086 (9th Cir. 2014), *cert. denied*, 135 S. Ct. 482 (2014). This seven-day difference does not affect the outcome of this case.

[9] ECF No. 19-20.

[10] ECF No. 19-19.

[11] ECF No. 19-22.

[12] ECF No. 19-23.

[13] *Gateb v. United States*, Case No. 2:14-cv-00171-JAD-VCF ("*Gateb I*").

to bring a civil-rights action against the state to appeal her state-court conviction, and recommended dismissal.[14] Gateb did not object to the magistrate judge's recommendation, and, on May 13, 2014, I adopted his unobjected-to recommendation and dismissed the action without prejudice to Gateb's ability to file a proper complaint.[15]

Five days earlier, on May 8, 2014, Gateb had mailed her first § 2254 petition to this court, but she failed to submit an application to proceed *in forma pauperis* with it or to pay the $5.00 filing fee. Gateb's § 2254 petition did not contain the case number of *Gateb I* (which had not yet been dismissed when she dispatched her § 2254 petition). When the court received Gateb's petition on May 13, 2014, (coincidentally, the same day that the order dismissing *Gateb I* issued and was mailed to Gateb) the Clerk of Court opened a new action, "*Gateb II*". On May 16, 2014, Judge Mahan dismissed *Gateb II* because Gateb failed to pay the filing fee or file an application for pauper status.

On June 5, 2014, Gateb dispatched the initial petition in this case, this time including an application to proceed *in forma pauperis*.[16] The petition does not include the case number from *Gateb I* or *Gateb II*, and the Clerk of Court opened this action, "*Gateb III*." I denied Gateb's IFP application[17] and Gateb paid the $5.00 filing fee.[18] I then instructed the Clerk to file Gateb's petition, granted Gateb's motion for appointment of counsel, and appointed the Federal Public Defender's Office to represent her.[19] The Federal Public Defender's Office then filed the instant amended petition on Gateb's behalf.[20]

Respondents move to dismiss, arguing that this action is untimely because it was commenced on June 5, 2014—when *Gateb III* was filed. The only action that Gateb commenced within the one-

---

[14] *Gateb I* at ECF No. 3.

[15] ECF No. 5.

[16] ECF No. 1.

[17] ECF No. 3.

[18] ECF No. 4.

[19] ECF No. 6.

[20] ECF No. 17.

year federal limitations period was *Gateb I*, which was an improperly commenced § 1983 action that did not toll the limitations period or constitute the filing of a federal habeas petition. Even if it did, Gateb's claims do not relate back to that filing. Gateb responds that *Gateb I* and *II* were improperly dismissed. She contends that the court should have construed the notice of appeal she submitted in *Gateb I* as a § 2254 petition, and that her amended petition in this case should thus relate back to *Gateb I* and is therefore timely.[21]

**D.     Gateb's amended petition does not relate back to *Gateb I*.**

I did not and do not construe the one-page notice of appeal that Gateb submitted in *Gateb I* as a § 2254 petition. There is good reason not to so broadly construe federal-court filings as urged by Gateb. If a court construes a filing as a habeas petition and denies it, then the successive-petition bar of 28 U.S.C § 2244(b) would likely prevent consideration of a later filed § 2254 petition. *Gateb I* is a good example of this. Neither the notice of appeal nor the attached Nevada Supreme Court order discuss any claim for ineffective assistance of counsel, so even if I were to construe this filing as a § 2254 petition, it cannot be read to present all of the claims that Gateb presented in her initial petition in this case.[22]

Even if I were to construe the notice of appeal in *Gateb I* as a § 2254 petition, Gateb's first-amended petition still would not relate back to its filing. Under FRCP 15(c), an amended petition relates back only if "the original and amended petitions state claims that are tied to a common core of operative facts . . . ."[23] The notice of appeal contains no claims or allegations, it simply purports to appeal "the Judgment/Order rendered against [Gateb] and sentence upheld by the Supreme Court of Nevada."[24] The notice of appeal thus contains no common core of operative facts for the first-

---

[21] The one-year period had already expired before Gateb dispatched the *Gateb II* petition. Relation back to *Gateb II* would thus not help Gateb, so it is immaterial whether *Gateb II* was properly dismissed.

[22] ECF No. 7. Indeed, ground 11 of Gateb's pro se petition filed in this case contains two claims of ineffective assistance of trial counsel and four claims of ineffective assistance of appellate counsel. Gateb did not re-assert these claims in her counseled first amended petition, but the point is that she clearly intended to assert these claims in habeas but did not make them in *Gateb I*. This is because Gateb likely did not intend the notice of appeal she filed in *Gateb I* to constitute a § 2254 petition.

[23] *Mayle v. Felix*, 545 U.S. 644, 664 (2005).

[24] ECF No. 1-1 at 1.

amended petition in this case to relate back to.

The attached order of affirmance likewise contains zero factual allegations, so even if I reached beyond the notice of appeal to the attached order, relation back still would not be possible. The first-amended petition contains two grounds.[25] In ground one, Gateb claims that she was denied her right to a fair trial by the admission of extremely prejudicial prior-bad-acts evidence. In ground two, she asserts that there was insufficient evidence to support her conviction on counts 5–10. Each ground is supported by detailed factual allegations. By contrast, the relevant portion of the Nevada Supreme Court's order summarizing Gateb's claims states in full: "the district court erred by admitting evidence of uncharged bad acts" and "there was insufficient evidence of appellant's guilt as to counts 5 to 10."[26] Even if I construed the attached order as a § 2254 petition, it does not contain the required common core of operative facts that would allow the first-amended petition to relate back to the date of its filing.

Gateb provides no guidance on how the court should have constructed a petition for her based on her filings in *Gateb I*. I may have been able to do so if Gateb had filed a § 2254 form petition (even one with no allegations) and attached a copy of her direct-appeal brief and the state habeas petition. The document would lack coherent pagination and it would likely contain references to a record that the court did not possess, but at least the grounds for relief would be alleged in the state habeas petition. And, if every claim was presented in state court as an issue of federal law, the petition might even have the benefit of being fully exhausted.

But the notice of appeal and supporting documents that Gateb submitted in *Gateb I* are another matter. Gateb claims that the court could have determined her claims from the Nevada Supreme Court's order. But that order is only two paragraphs and contains no facts. For example, in that order, the Nevada Supreme Court determined that five of Gateb's claims were barred under the law of the case because the Nevada Supreme Court had decided those issues on direct appeal. The only way for me to discover the factual bases for these claims would have been to review the online docket of Gateb's direct appeal and find her brief asserting those grounds—an active and

---

[25] ECF No. 17.

[26] ECF No. 19-22 at 2.

representative role I am unwilling to assume.[27]

**E.     Gateb has not shown that she is entitled to equitable tolling.**

A federal habeas petitioner may be entitled to equitable tolling if she can show "'(1) that [s]he has been pursuing h[er] rights diligently, and (2) that some extraordinary circumstance stood in h[er] way' and prevented timely filing."[28] Gateb argues that equitable tolling is warranted because of the court's incorrect dismissals of *Gateb I* and *Gateb II*.[29] She criticizes the court for dismissing these actions without giving her a chance to respond,[30] but this assertion is belied by the record. The magistrate judge's February 25, 2014, report recommending that *Gateb I* be dismissed gave Gateb 14 days to file objections and expressly warned her that failure to timely file objections could be construed of a waiver of her right to appeal.[31]

Gateb could have objected to the magistrate judge's recommendation and explained that she was not attempting to appeal her state-court conviction to this court and that she was instead intending to file a § 2254 action. But Gateb filed no objections or any further filings in that case. Instead, she mailed the petition initiating *Gateb II* two months later—after the federal one-year limitations period had expired. The February 25, 2014, report and recommendation in *Gateb I* clearly placed Gateb on notice that she had not properly commenced a § 2254 action (or any action for that matter) and, at that time, Gateb still had more than a month to timely file a proper § 2254 petition.

---

[27] The Nevada Supreme Court's order dismissed Gateb's remaining three claims as procedurally barred.

[28] *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *see also Sossa v. Diaz*, 729 F.2d 1225, 1229 (9th Cir. 2013) ("[T]he requirement that extraordinary circumstances stood in [the petitioner's] way suggests that an external force must cause the untimeliness, rather than . . . merely oversight, miscalculation or negligence on [the petitioner's] part, all of which would preclude the application of equitable tolling.") (internal quotations and citations omitted).

[29] Again, the dismissal of *Gateb II* is not relevant because even if I construed this action as a continuation of *Gateb II*, it would still be untimely.

[30] ECF No. 29.

[31] ECF No. 3 at 4.

Gateb's reliance on *Corjasso v. Ayers* to argue that she is entitled to equitable tolling is also misplaced.[32] Corjasso filed a § 2254 petition in the United States District Court for the Northern District of California. Because Corjasso was incarcerated in the Eastern District of California, the Northern District dismissed his petition for lack of jurisdiction.[33] Corjasso then attempted to re-file the same petition in the Eastern District. He did not have a pre-printed cover sheet from the Eastern District, so he used a cover sheet from the Northern District and whited out the word "Northern" and wrote in "Eastern."[34] The Eastern District court clerk's office refused to accept the petition, sent him an Eastern District cover sheet, and instructed him to resubmit his petition, but it did not return the body of his petition to him.[35] Less than a month later, Corjasso submitted the new cover page and referenced his previously filed petition; the district court deemed Corjasso's filing incomplete and dismissed it with leave to amend.[36] Corjasso then filed a letter explaining that he could not amend his petition because he had not retained copies of his original petition.[37] The Clerk's office apparently lost the petition. Corjasso did not hear from the district court again until some three months later, when a magistrate judge appointed counsel to represent Corjasso. The magistrate judge scheduled a status conference for August 1997—over one month after Corjasso's one-year filing period expired.[38]

The *Corjasso* panel held that the district court improperly dismissed Corjasso's pro se habeas petition because he used white-out and a pen on the cover sheet to write the correct name of the court. This improper dismissal—combined with the court's loss of the original petition Carjasso attempted to file with that cover sheet—was an "extraordinary circumstance" warranting equitable tolling beginning on the date Corjasso attempted to file his first petition in the Eastern District

---

[32] *Corjasso v. Ayers*, 278 F.3d 874 (9th Cir. 2002).

[33] *Id.* at 876.

[34] *Id.*

[35] *Id.*

[36] *Id.*

[37] *Id.*

[38] *Id.*

1 through the date of the status conference.

2 Unlike in *Corjasso*, Gateb's initial filing—the notice of appeal and attachments—was not mishandled or dismissed incorrectly based on a minor technicality in the cover sheet. Gateb failed to submit a complaint or to assert any claims cognizable on federal habeas review in the notice of appeal or supporting documents. And, unlike in *Corjasso*, even if I were to construe the notice of appeal as a § 2254 petition, the claims in Gateb's first-amended petition would not relate back. Additionally, the *Corjasso* panel noted that the district court's delay between its receipt of Corjasso's letter explaining that he could not amend his petition and the status conference ate up the remaining time in his one-year period and that that delay was beyond Corjasso's control. By contrast, in *Gateb I*, Gateb still had more than a month remaining after the magistrate judge's report and recommendation in which to file a proper § 2254 petition, and the court did nothing to prevent her from doing so.

Because Gateb's petition in this case does not relate back and she has not shown that she is entitled to equitable tolling, her petition is untimely. I therefore deny Gateb's petition with prejudice. Because I deny Gateb's petition as untimely, I need not—and do not—reach respondents' remaining arguments.

**F.  Certificate of appealability**

To obtain a certificate of appealability, a petitioner must make "a substantial showing of a denial of a constitutional right"[39] by showing that "reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong."[40] To meet this threshold, the petitioner must demonstrate that the issues are debatable among jurists of reason, that a court could resolve the issues differently, or that the questions are adequate to deserve encouragement to proceed further.[41] Because reasonable jurists could find my conclusion that Gateb's petition is untimely to be debatable or wrong, I issue a certificate of appealability.

---

[39] 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000).

[40] *Slack*, 529 U.S. at 484.

[41] *Id.*

**Conclusion**

Accordingly, with good cause appearing and no reason to delay, IT IS HEREBY ORDERED that respondents' motion to dismiss [ECF No. 23] is **GRANTED in part and DENIED in part**. Gateb's petition is DENIED with prejudice because it is untimely. The Clerk of Court is instructed to enter judgment for respondents and against Gateb and to CLOSE THIS CASE.

IT IS FURTHER ORDERED that **a certificate of appealability is GRANTED**.

Dated this 17th day of August, 2016.

_____
Jennifer A. Dorsey
United States District Judge